IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD E. HOLCOMB,<br><br>    Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 17-cv-06024-MMC<br><br>**ORDER TRANSFERRING COMPLAINT TO EASTERN DISTRICT OF CALIFORNIA** |

Before the Court are plaintiff's complaint and application to proceed in forma pauperis, both filed October 20, 2017. Having read and considered plaintiff's filings, the Court rules as follows.

Plaintiff brings his complaint pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"). An action for judicial review of a final decision of the Commissioner may only be brought in "the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." See 42 U.S.C. § 405(g).

Where the defendant has not filed a responsive pleading and the time for doing so has not run,[1] the propriety of venue may be raised by the court sua sponte. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986); see, e.g., Alexandria v. United States, 2007 WL 2947461, at *1 (S.D. Cal. October 9, 2007) (dismissing in forma pauperis

---

[1] As plaintiff's application to proceed in forma pauperis is pending, a summons has not been issued; consequently, the time to respond has not begun to run. See Fed. R. Civ. P. 12(a).

complaint sua sponte for improper venue).

Here, plaintiff alleges he resides in Vallejo, California (see Compl. ¶ 1), which is located in Solano County (see Pl.'s Civil Cover Sheet), which, in turn, is located in the Eastern District of California, see 28 U.S.C. § 84(b).  Further, plaintiff has conceded that he has not been employed since 2011 and that his sole source of income is general assistance, thereby eliminating principal place of business as a basis for venue in this District.  (See Pl.'s Appl. to Proceed In Forma Pauperis at 2.)  Consequently, the only proper venue for the instant action is the Eastern District of California.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Here, as the applicable statute of limitations is relatively short, see 42 U.S.C. § 405(g) (providing action must be filed "within sixty days after the mailing to [claimant] of notice of [the Commissioner's] decision"), the Court finds it appropriate to transfer the action rather than dismiss it.

Accordingly, the above-titled action is hereby TRANSFERRED to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: October 24, 2017

MAXINE M. CHESNEY
United States District Judge

2