UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD E. HOLCOMB,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:17-cv-02268-KJM-CKD<br><br><br><br>ORDER |

On January 11, 2019, the magistrate judge filed findings and recommendations, ECF No. 29, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days. On January 17, 2019, plaintiff filed objections to the findings and recommendations, ECF No. 30.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having reviewed the file and considered plaintiff's objections, the court finds the magistrate judge's findings and recommendations are supported by the record and by the proper analysis. The court adopts the magistrate judge's ultimate conclusions, with the following clarifications.

/////

/////

1

## I. ALJ'S CREDIBILITY DETERMINATION

Plaintiff objects to the magistrate judge's finding that the ALJ properly rejected plaintiff's testimony, arguing the magistrate judge impermissibly relied on a post hoc rationale. Objs. at 4–5. The magistrate judge finds that, in rejecting plaintiff's testimony, the ALJ relied in part on her observations of plaintiff at the hearing. Findings at 15. Plaintiff correctly points out that the ALJ did not discuss her observations of plaintiff in the section of her decision explaining why she rejected plaintiff's testimony. Objs. at 5–6; ECF No. 14-2 (Admin. Tr.), at 23 ("[F]or the reasons *discussed below*, I find that the record does not support the imposition of work restrictions . . . .") (emphasis added). Accordingly, the court does not adopt this portion of the magistrate judge's findings and recommendations. *See Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss.").

However, this does not affect the magistrate judge's ultimate conclusion that the ALJ did not err in rejecting plaintiff's testimony, because the ALJ relied on both the medical record and plaintiff's self-reported activities. Admin. Tr. at 28. Plaintiff's reliance on *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017) to argue the ALJ erred by not providing a more detailed analysis of each of plaintiff's self-reported activities is inapposite. *See* Objs. at 9. In *Trevizo*, the ALJ improperly relied on plaintiff's self-reported "childcare activities" as a reason for rejecting plaintiff's testimony, without any further detail as to what constituted "childcare activities." *Id.* at 682. Here, the ALJ listed more specific activities, such as cooking, shopping, spending time with friends, and yard work. *See* Findings at 14 (citing *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ properly cited claimant's ability to cook, clean, and shop in rejecting claimant's testimony); *Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir.1999) (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work that undermined claimant's credibility). Plaintiff's objection to this aspect of the magistrate judge's recommendation regarding the ALJ's credibility determination.

/////

/////

2

## II. MEDICAL OPINION OF DR. FORMAN

Plaintiff objects to the magistrate judge's finding that the ALJ did not err in not discussing Dr. Forman's finding that plaintiff is able to work "from 4 to 8 hours a day." Objs. at 25. The doctor's statement is ambiguous. Plaintiff interprets it to mean that some days, plaintiff can work 8 hours, but other days, he can only work 4 hours, and therefore he is incapable of working full time. *See id*. The Commissioner interprets the statement as "a range of capabilities [including] ability to work an eight-hour day." Opp'n, ECF No. 24, at 11. As the magistrate judge points out, "it is the function of the ALJ to resolve any ambiguities." Findings at 3 (citing *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001)).

The magistrate judge correctly finds the ALJ committed no error in weighing the 2013 medical opinion of examining physician Jenny Forman, Ph.D, because the ALJ explicitly considered the opinion in contention in its entirety. Findings at 8. The court agrees that the "moderate mental and social functioning limitations" RFC is consistent with Dr. Forman's specific assertion that plaintiff could work 4 to 8 hours per day, and the RFC need not precisely reflect a physician's specific assessments. *Id* at 8, 10 (citing *Turner*, 613 F.3d at 1222–23). As the Commissioner argues, "residual functional capacity is the most, not the least, an individual is capable of doing despite their impairments." ECF No. 24 at 11–12 (citing 20 C.F.R. § 416.945(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations"). Therefore, the ALJ's finding that plaintiff is capable of "light work" is consistent with Dr. Forman's recommendation, if one interprets the statement "4 to 8 hours" as a "range of capabilities," which the ALJ was entitled to do. *See* Admin. Tr. at 22.

The magistrate judge's supplemental finding that "the ALJ was not required to discuss Dr. Forman's specific finding that plaintiff is able to work from 4 to 8 hours a day because it is ambiguous, unsupported, and conclusory," Findings at 9, is unnecessary, given the discussion above. Accordingly, that finding is not adopted.

/////

/////

/////

III. <u>CONCLUSIONS</u>

The court ADOPTS the findings and recommendations, ECF No. 29, consistent with this order. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 24) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.
4. The Clerk of Court shall close this case.

DATED: September 30, 2019.

_____
UNITED STATES DISTRICT JUDGE